UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF REHABILITATION,<br><br>Respondent. | No. 1:19-cv-00131-SKO (HC)<br><br>**FINDINGS AND RECEOMMENDATION TO DISMISS HABEAS PETITION**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

On January 30, 2019, Petitioner Maurice P. Olivier, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 13, 2007, Petitioner was convicted of residential burglary and was sentenced to 45 years to life imprisonment. In his petition before this Court, Petitioner claims his sentence violates California's Proposition 57.

I. **Preliminary Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Petitioner Does Not State a Claim Cognizable on Federal Habeas Review

Petitioner claims his sentence violates Proposition 57. California's Proposition 57, approved by voters in November 2016, makes parole available to certain felons who were convicted of nonviolent crimes. Proposition 57 added Article I, section 32 to the California Constitution which provides:

§ 32. Public Safety and Rehabilitation Act of 2016

(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law.

(1) *Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.*

(A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

(2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

(b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). Essentially, Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings. (Cal. Const. Art I, Sec. 32(a)).

Proposition 57 does not provide for existing prisoners to be resentenced and the state court cases, which are all unpublished, addressing application of Proposition 57 have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle [Petitioner] to seek relief in court in the first instance." *Daniels v. California Dep't of Corr. & Rehab.*, 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). It does not require or provide a mechanism for state prisoners to be resentenced by the courts in which they were convicted.

Petitioner's claim is not cognizable under federal habeas review because Petitioner is only asserting a violation or misinterpretation of state law, and Section 2254 provides a remedy only for the violation of the Constitution or laws or treaties of the United States. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts"). For the foregoing reasons, the Court recommends dismissing Petitioner's habeas petition.

### III. A Claim to Enforce Rights Under Proposition 57 is Not Proper pursuant to § 2254

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489.

The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under §

3

1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Nettles*, 830 F.3d at 935. (quoting *Skinner*, 562 U.S. at 535 n.13).

Proposition 57 relief "would not necessarily lead to [Petitioner's] immediate or earlier release from confinement," but rather a discretionary parole hearing where the parole board could decline to grant parole. *Id*. Therefore, Petitioner's claim does not fall within the "core of habeas corpus." *Id*.

**IV.** **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a

constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court recommends declining to issue a certificate of appealability.

## V.     **Findings and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus and that the Court decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's

order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: **February 5, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE